In the DISCIPLINARY MATTER
INVOLVING Bryon E.
COLLINS, Attorney.

Supreme Court No. S-16623

Supreme Court of Alaska.

Order No. 99—August 23, 2017

[nunc pro tunc August 11, 2017]

Before: Stowers, Chief Justice, Winfree, Maassen, and Bolger, Justices. [Carney, Justice, not participating.]

## Amended Order

1. This disciplinary matter concerns an uncontested recommendation by the Alaska Bar Association's Disciplinary Board that Bryon Collins be disbarred.

2. Bar Counsel filed a Petition for Formal Hearing against Collins with the Disciplinary Board. Collins and Bar Counsel initially stipulated to Collins's disbarment, but the Disciplinary Board rejected the stipulation. The Disciplinary Board refused to approve a stipulation that did not include Collins's agreement that a formal enforceable money judgment for $30,763 be entered against him, reflecting the amount paid by the Lawyers' Fund for Client Protection (LFCP) in connection with one of the client matters underlying the uncontested disbarment.[1] Collins declined because such a stipulation provision had never before been required by the Disciplinary Board and he did not want to set precedent by stipulation, believing that any such change in enforcement should come from this court.

3. The Petition was then presented to an Area Hearing Committee.[2] The Petition set out the disciplinary matter's facts, which we summarize below.

### A. First Disciplinary Matter

Collins represented a client under a 25% contingency fee agreement for an employment discrimination claim. In 2012 an administrative judge awarded the client $41,018, which was paid to Collins. In May 2013 the client filed a grievance alleging that Collins had: failed to appeal the administrative judge's decision; never paid the client any

---

1. Alaska Bar Rule 16(c) provides that in addition to a disciplinary sanction an attorney may be ordered to make restitution to persons, to reimburse the LFCP, or to pay the Bar Association its costs and fees associated with the disciplinary proceedings.

2. *See* Alaska Bar R. 12(i) (listing Area Hearing Committee powers and duties); Alaska Bar R. 22(e) (setting out procedures for formal disciplinary proceedings).

money; never accounted for the money or responded to requests for information; and failed to deliver the client's file to the client's new lawyer. Bar Counsel requested that Collins respond to the grievance; he did not respond.

Bar Counsel opened a formal investigation in November 2013 and notified Collins of his obligation to respond to the client's allegations. After extensions of time Collins responded in January 2014 that he believed he owed the client $12,500, but he did not provide a substantive accounting. Collins offered to pay the client $12,500 if the client agreed that would resolve the matter; Bar Counsel asked Collins for further information. After more delay Collins responded in July with documents that did not account for the client's funds or otherwise respond to Bar Counsel's information request. Collins acknowledged that his document production was incomplete and represented that he would supplement his production in two weeks. Collins did not supplement his original production.

In December Bar Counsel asked us to suspend Collins from the practice of law based on his failure to account for the client's funds or fully respond to Bar Counsel's information requests. Collins did not respond. In January 2015 we suspended Collins from the practice of law for failure to respond appropriately to Bar Counsel's requests for information about the client's grievance.

In July the client filed a claim with the LFCP. Collins appeared for a September hearing; he asked for and received a continuance to complete his preparation and to submit documents, but he then did not submit any documents. At the next hearing Collins did not appear, but his lawyer appeared and asked for yet another continuance. The LFCP hearing committee denied the continuance request and proceeded with the hearing. At the hearing's conclusion the committee found that Collins had received and spent the client's funds and that there was no evidentiary explanation for Collins's prior assertion that he owed the client only $12,500. The committee concluded that Collins dishonestly converted $30,763 of the client's funds and recommended that the client be paid from

the LFCP. In October the Bar Association's Board of Governors agreed that a reimbursable loss had occurred and approved payment from the LFCP.

## B. Second Disciplinary Matter

A different client retained Collins to represent him in a real estate matter. The client advanced Collins $2,500. But Collins took no action on the client's behalf; failed to provide progress reports or responses to the client's information requests; failed to account for the client's funds; and failed to respond to formal demands for client records, accountings, and funds. Bar Counsel opened a formal investigation in August 2015 and sent Collins a request for information. Collins did not respond.

## C. Third Disciplinary Matter

Bar Counsel learned that during 2015—after we suspended Collins from practicing law—Collins actively represented a bankruptcy debtor, including preparing legal documents for the bankruptcy proceedings and forming a new limited liability company. It appeared that Collins also actively participated in a separate civil matter by negotiating a settlement plan on the debtor's behalf. Bar Counsel opened a formal investigation in August 2015 and asked Collins for a response and specific documents. Collins did not respond.

After Bar Counsel submitted the Petition to the Area Hearing Committee, Collins did not respond and Bar Counsel's factual allegations were deemed admitted. Bar Counsel's sanctions analysis in the Petition and Bar Counsel's subsequent sanctions memorandum regarding imposition of Rule 16(c) obligations also were not contested by Collins. The uncontested sanctions analysis is summarized as follows.

Bar Counsel contended that Collins's actions in two of the client matters—converting settlement funds, failing to account for and deliver settlement and deposit funds, failing to deliver client files, and failing to respond to client and Bar Counsel requests for information about the funds—violated Alaska Rule of Professional Conduct 1.15(a)-(d).[3] Bar Counsel contended that Collins's conversion

---

**3.** Rule 1.15 generally refers to safeguarding

client property; (d), in particular, provides:

of client funds violated Rules 4.1[4] and 8.4(b)-(c).[5] Bar Counsel contended that Collins's failure to respond to his clients' inquiries, failure to file a requested appeal, and failure to keep his clients reasonably well informed violated Rules 1.3[6] and 1.4.[7] Bar Counsel contended that Collins's failure to cooperate in the grievance process violated Alaska Bar Rule 15(a)(4)[8] and Alaska Professional Conduct Rule 8.1(b).[9] Bar Counsel finally contended that Collins's unauthorized practice of law while suspended violated Alaska Professional Conduct Rules 3.4(c)[10] and 5.5(a),[11] as well as Alaska Bar Rule 15(a)(6).[12]

Bar Counsel referenced the sanctions analysis of the relevant American Bar Association Standards for Imposing Lawyer Sanctions (ABA Standards), which we adopted generally in *In re Buckalew*.[13] Bar Counsel noted the relevant ABA Standards factors: "(a) the duty violated; (b) the lawyer's mental state; (c) actual or potential injury caused by the misconduct; and (d) facts in aggravation or mitigation." [14] And Bar Counsel noted that the "factors are addressed in a three-part methodology: (1) consider the first three factors; (2) determine the indicated sanction; and (3) apply aggravating [and] mitigating

---

"Upon receiving funds ... in which a client ... has an interest, a lawyer shall promptly notify the client.... [and] shall promptly deliver to the client ... any funds ... that the client ... is entitled to receive and, upon request by the client ..., shall promptly render a full accounting...." *See also* Alaska R. Prof. Conduct 1.16(d) ("Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as ... surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.").

4. "In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person; or (b) fail to disclose a material fact when disclosure is necessary...." Alaska R. Prof. Conduct 4.1.

5. "It is professional misconduct for a lawyer to ... (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects; (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation...." Alaska R. Prof. Conduct 8.4(b)-(c).

6. "A lawyer shall act with reasonable diligence and promptness in representing a client." Alaska R. Prof. Conduct 1.3.

7. "A lawyer shall keep a client reasonably informed about the status of a matter undertaken on the client's behalf and promptly comply with reasonable requests for information. A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Alaska R. Prof. Conduct 1.4(a).

8. "[T]he following acts or omissions ... by any attorney who ... engages in the practice of law in this State[] ... will constitute misconduct and will be grounds for discipline," including "failure to answer a grievance, failure to answer a formal petition for hearing, or failure to furnish information or respond to a request from the Board, Bar Counsel, an Area Division member, or a Hearing Committee in conforming with any of these Rules...." Alaska Bar R. 15(a)(4).

9. "[A] lawyer ... in connection with a disciplinary matter, shall not: ... knowingly fail to respond to a lawful demand for information from [a] ... disciplinary authority...." Alaska R. Prof. Conduct 8.1(b).

10. "A lawyer shall not knowingly violate or disobey an order of a tribunal or an obligation under the rules of a tribunal, except for an open refusal based on an assertion that the order is invalid or that no valid obligation exists." Alaska R. Prof. Conduct 3.4(c).

11. "A lawyer shall not practice law in any jurisdiction unless authorized to do so by the laws of that jurisdiction." Alaska R. Prof. Conduct 5.5(a).

12. "[T]he following acts or omissions ... by any attorney who ... engages in the practice of law in this State[] ... will constitute misconduct and will be grounds for discipline," including "engaging in the practice of law while on inactive status, or while disbarred or suspended from the practice of law...." Alaska Bar R. 15(a)(6).

13. 731 P.2d 48, 51-52 (Alaska 1986); *see In re Miles*, 339 P.3d 1009, 1019 (Alaska 2014) ("'Our individual examination of the appropriate sanction in each case is guided but not constrained by the American Bar Association's Standards for Imposing Lawyer Sanctions, the sanctions imposed in comparable disciplinary proceedings,' and the Board's sanction recommendation in this case." (alterations omitted) (quoting *In re Shea*, 273 P.3d 612, 619, 623 (Alaska 2012)) (citing Alaska Bar R. 16(a) ("A finding of misconduct by the Court or Board will be grounds for (1) disbarment by the Court; or (2) suspension by the Court for a period not to exceed five years; or (3) probation imposed by the Court; or (4) public censure by the Court....,"))).

14. *See In re Miles*, 339 P.3d at 1019-20.

factors." [15]

Applying the ABA Standards, Bar Counsel contended that Collins's actions violated a number of duties to his clients [16] and the legal system.[17] Bar Counsel contended that Collins's mental state was knowing or intentional. Bar Counsel contended that Collins's action caused actual or potential monetary injury to his clients, actual or potential interference in the disciplinary proceedings, actual or potential harm to the reputation of the legal profession, and actual or potential undermining of public respect for the administration of justice. Based on these contentions, Bar Counsel concluded that the indicated disciplinary sanction was disbarment.[18]

Bar Counsel then contended that the only mitigating factor Bar Counsel was aware of—no prior disciplinary record—could not outweigh the numerous aggravating factors.[19] Those factors included: a pattern of misconduct; multiple offenses; obstruction of the disciplinary process; refusal to acknowledge wrongful conduct; vulnerability of the victim; indifference to making restitution; and illegal conduct.[20] Applying the aggravating and mitigating factors, Bar Counsel recommended disbarment.

4. At the Area Hearing Committee prehearing conference Collins did not contest Bar Counsel's assertion that disbarment was the appropriate level of discipline for his misconduct. Nor did he contest the imposition of Rule 16(c) obligations for reimbursement to the LFCP, payment of any future fee arbitration awards, and payment to the Bar Association of costs and fees for the

discipline proceeding. But Collins did explain his reasons for not stipulating to entry of an enforceable money judgment against him.

5. The Area Hearing Committee adopted and incorporated Bar Counsel's uncontested Petition as its findings of facts and conclusions of law. Noting that Collins agreed with both the Bar's sanctions analysis and request for disbarment and the Bar's request for costs, attorney's fees, reimbursement of the LFCP award, and payment of any future fee arbitration awards, the Area Hearing Committee concluded that Bar Counsel's requests were appropriate and recommended that they be accepted. The Area Hearing Committee declined Bar Counsel's request to recommend that our disciplinary order be an enforceable final judgment for purposes of later civil collection enforcement or Rule 16(c) obligations. The Area Hearing Committee believed this was out of its purview and should be taken up by the Disciplinary Board when it considered the Area Hearing Committee's report.

6. The Disciplinary Board later adopted the Area Hearing Committee's report, but in its disbarment and Rule 16(c) recommendations to us it added its request that we consider whether our imposition of a Rule 16(c) obligation should be an enforceable judgment in and of itself. In light of the foregoing, we have two issues to resolve.

■ 7. The first issue is rather simple: whether in our view the Area Hearing Committee's findings and conclusions, adopted by

---

**15.** See id.

**16.** See STANDARDS FOR IMPOSING LAWYER SANCTIONS §§ 4.1, 4.4, 5.1 (AM. BAR ASS'N 1992).

**17.** See id. §§ 6.2, 7.0.

**18.** See id. § 4.11 ("Disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."), § 4.61 ("Disbarment is generally appropriate when a lawyer knowingly deceives a client with the intent to benefit the lawyer or another, and causes serious injury or potentially serious injury to a client."), § 5.11(b) ("Disbarment is generally appropriate when[ ] ... a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice."),

§ 6.21 ("Disbarment is generally appropriate when a lawyer knowingly violates a court order or rule with the intent to obtain a benefit ..., and causes serious injury or potentially serious injury to a party, or causes serious or potentially serious interference with a legal proceeding."), § 7.1 ("Disbarment is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional with the intent to obtain a benefit for the lawyer ... and causes serious or potentially serious injury to a client, the public, or the legal system.").

**19.** See id. § 9.32(a).

**20.** See id. § 9.22(c)-(e), (g)-(h), (j)-(k).

the Disciplinary Board, support Collins's disbarment and the imposition of the requested Rule 16(c) obligation, in light of Collins's agreement that they do.[21] They do.[22] Therefore, Bryon E. Collins is hereby DISBARRED from the practice of law in Alaska, effective September 11, 2017.

■ 8. The second issue is new to us: whether—when issuing a disciplinary decision that includes a Rule 16(c) financial obligation—we should take some action making the financial obligation an enforceable money judgment. We recognize the Bar Association's potential dilemma when we issue a disciplinary decision that includes Rule 16(c) obligations. The decision may order the attorney to make payment, but without an enforcement mechanism the order may create confusion regarding active collection efforts. The Bar Association must go to the trial courts for formal collection procedures, generally requiring a formal final money judgment. Trial courts may be unclear whether our decision is such a final money judgment. To eliminate confusion, when issuing a decision that includes Rule 16(c) obligations, we also will issue a separate final money judgment for those obligations. This action will be without prejudice to the Bar Association's requests in any case for the imposition of additional post-judgment Rule 16(c) obligations, such as additional LFCP reimbursements, and for additional related money judgments. We therefore direct the Clerk of the Appellate Courts to issue such a final judgment in this matter.

9. Collins shall not be eligible to apply for reinstatement under Alaska Bar Rule 29 unless he has paid all fee arbitration awards against him, all amounts awarded under Paragraph 8 of this order, and all separate money judgments entered against him by this court.

Entered by direction of the court.

Clerk of the Appellate Courts

/s/ Marilyn May

---

**21.** *See In re Miles*, 339 P.3d 1009, 1018 (Alaska 2014) (stating we independently review entire disciplinary proceeding record while affording great weight to Disciplinary Board's findings of fact and we apply our independent judgment to questions of law and the appropriateness of sanc-

tions (quoting *In re Shea*, 273 P.3d 612, 614 (Alaska 2012)) (citing Alaska Bar R. 22(r))).

**22.** *See id.* at 1019-20 (disbarring attorney for conversion of over $20,000 of client funds).